UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re: )
)
    TAI T. VUONG )   Case No. 05-15267-SSM
)   Chapter 7
          Debtor )

**MEMORANDUM OPINION AND ORDER
OVERRULING OBJECTION TO EXEMPTIONS**

    Before the court is the objection filed by Manouchehr Soheily to the debtor's claim of exemptions. The debtor has filed a response. Neither party has requested or set a hearing, and the court determines that a hearing is not required. LBR 9013-1(L). For the reasons stated, the objection will be overruled.

Background

    The debtor, Tai T. Vuong, filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in this court on October 14, 2005, and has not yet received a discharge. With the petition, the debtor filed a list of property claimed exempt. This list includes $1.00 of the equity in each of four parcels of real property. The parcels are listed as having an aggregate value of $2,170,000, subject to deeds of trust in the amount of $1,517,131.[1] The exemption of the real property is claimed under § 34-4, Code of Virginia—the Virginia homestead exemption—which allows a resident of Virginia to exempt up to $5,000 of real or personal property.

---

[1] The debtor has claimed an additional $2,253.00 exempt in other assets, but it appears that the objection is primarily directed at the real property.

1

Discussion

In general, all property belonging to a debtor is available for distribution to creditors in a bankruptcy case. § 541(a), Bankruptcy Code. However, an individual debtor may exempt from the estate—and thus keep, free from the claims of most creditors—certain property. § 522(b), Bankruptcy Code. This includes property that would be exempt under the law of the state in which the debtor resided for the greater part of the 180-day period leading up to the bankruptcy filing. § 522(b)(2)(A), Bankruptcy Code (amended 2005).[2]

Virginia has a number of exemptions available to debtors. Most of these are set forth in Title 34 of the Code of Virginia. Among these exemptions is the homestead exemption. Under this exemption, a "householder"—defined as any resident of Virginia—may select up to $5,000 of real or personal property as exempt from creditor claims. Va. Code Ann. §§ 34-4 and 34-13. Additional amounts may be claimed if the householder supports dependents or is a disabled veteran. Va. Code Ann. §§ 34-4 (additional $500 for each dependent) and 34-4.1 (additional $2,000 for disabled veteran). In this case, the debtor has not claimed the full $5,000 homestead exemption but has claimed only a nominal $1.00 exemption for each of the four parcels of real property. This is a common practice in Virginia and allows the debtor to later amend the exemption claim up to the unused amount. *See In re Sherman*, 191 B.R. 654 (Bankr. E.D. Va. 1995). Unless amended, however, the

---

[2] This case was filed before the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109-8, 119 Stat 23 (April 20, 2005) ("BAPCPA"). For cases filed on or after October 17, 2005, the applicable state exemptions are those for the state in which the debtor was a domiciliary for the 730 days preceding the bankruptcy filing, unless the debtor was not continuously domiciled in one state for that period, in which event exemptions are determined by the state in which the debtor was domiciled for the greater part of the 180-day period preceding the 730-day period. § 522(b)(3)(A), Bankruptcy Code.

$1.00 exemption is limited to that amount and does not exempt the entire asset. *Addison v. Reavis*, 158 B.R. 53 (E.D. Va. 1993).

Exemption of a particular asset does not, in and of itself, affect valid liens against the property, such as a mortgage or deed of trust. § 522(c)(2), Bankruptcy Code. Such liens pass through bankruptcy and are unaffected by the debtor's discharge unless specific action is taken during the bankruptcy case to set aside (or "avoid") the lien, or unless the bankruptcy court authorizes the property to be sold free and clear of liens.

Mr. Soheily's objection states that he particularly objects to the exemption of the property located at 402 Hummer Court, Sterling, Virginia. Mr. Soheily represents that "my name is on the deed of this house" and that the debtor owes him $71,789.78. He further asserts that the debtor "misrepresented himself and falsified his application in buying my house @ 12642 Builders Road, Herndon, [Virginia]," and that the debtor and his wife—who is also a chapter 7 debtor in this court[3]—"have more properties than listed in the Bankruptcy petition."

A debt that is grounded in fraud may be excluded from discharge. § 523(a)(2), Bankruptcy Code. Additionally, filing false schedules is grounds for denying a debtor a discharge altogether. § 722(a)(4), Bankruptcy Code. However, neither the fact that a particular creditor's claim is non-dischargeable nor even the fact that the debtor is denied a discharge is a basis for denial of exemptions in bankruptcy. *In re Scott*, 199 B.R. 586 (Bankr. E.D. Va. 1996). In any event, the deadline in this case—January 30, 2006—for filing a complaint objecting to the debtor's discharge or a complaint to determine the

---

[3] *In re Nga Ngoc Vuong*, No. 05-15317-RGM (Oct. 14 2005).

dischargeability of a debt alleged to be grounded in fraud has expired.  Fed. R. Bankr. P. 4004(a) & 4007(c).

While the debtor's schedules are not a model of clarity,[4] it appears that Mr. Soheily is scheduled as the holder of a third deed of trust against the Hummer Road property.  The value of the property and the amount and priority of liens, as reflected on the schedules, are as follows:

| | |
|---|---:|
| Fair Market Value | $485,000 |
| 1st Deed of Trust - Litton Loan Servicing | ($362,700) |
| 2nd Deed of Trust - Young B. Kim | ($90,000) |
| 3rd Deed of Trust - Manouchehr Soheily | ($71,789) |
| Equity | ($39,489) |

Thus, if the schedules are correct, there is *no* equity in the property—in fact, the property is upside-down by nearly $40,000.  Because even the nominal $1 exemption claim would be paid only after all three deeds of trust were paid, the exemption claim becomes meaningful only if the trustee is able to sell the property for significantly more than the value shown on the schedules or if the trustee is able to set aside one or more of the deeds of trust.  In any event, the claim of exemption does not affect Mr. Soheily's right (assuming there is no infirmity in his deed of trust, an issue that is not before the court at this time) to be paid after

---

[4]  The description of collateral fails to identify the parcels of real property by street address, or for that matter, by any other designation.

the first and second deeds of trust are paid.[5] But even if that were not the case, the objection simply fails to set forth any legal basis for disallowance of the claimed exemptions.

O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The objection to claim of exemptions is overruled.

2. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____      _____
                                    Stephen S. Mitchell
Alexandria, Virginia                United States Bankruptcy Judge

---

[5] The court does note that there is a pending motion for relief from the automatic stay by the holder of the first deed of trust. If that motion is granted, the property would likely be sold at foreclosure. Depending on the amount realized at the foreclosure sale, Mr. Soheily might or might not receive all or part of what he is owed on his deed of trust.

Copies to:

Tai T. Vuong
7006 Rhoden Ct.
Springfield, VA 22151
Debtor

John L. Lilly, Jr., Esquire
10195 Main St., Ste I
Fairfax, VA  22031
Counsel for the debtor

Manouchehr Soheily
22726 Airmont Hunt Drive
Ashburn, VA  20148
Creditor

Richard A. Bartl, Esquire
Tyler, Bartl, Gorman & Ramsdell, PLC
700 S. Washington St., Suite 216
Alexandria, VA  22314
Chapter 7 trustee